■ In the Matter of HAROLD E. LUNDIN, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— STALEY, JR., J. Proceeding pursuant to article 78 of the CPLR to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's operator's license for refusal to submit to a chemical test to determine the alcoholic content of his blood follow-

ing his arrest for driving while intoxicated. (Vehicle and Traffic Law, § 1194, subd. 1.) It is not disputed that the arresting officer had cause to request that petitioner take the test. Petitioner was arrested on April 7, 1966 shortly after 2:00 A.M. by a State Trooper and charged with driving while intoxicated. At the time of his arrest, petitioner was asked to submit to a chemical test for intoxication to which he refused and said that he wanted to talk to his attorney. Petitioner was then taken to the Horseheads State Police Substation and, for a period of one half hour, attempted to telephone his attorney without success, the line being busy. He was again asked to submit to a test, and again his sole reply was that he wanted to talk to his attorney. He was thereafter taken to a Justice of the Peace and while there was able to contact his attorney by telephone. This conversation only related to the requirements for bail and, after his attorney talked to the Justice of the Peace, petitioner was released. He was then driven home by the Justice of the Peace where he again talked to his attorney by telephone who advised him to submit to the chemical test. He thereupon returned to the police substation a few minutes before the expiration of the two-hour period following his arrest. At that time, there was no police officer present qualified to administer the chemical test and it would take 20 to 25 minutes to warm up the equipment so that petitioner's request was denied. The Referee found that the petitioner refused to submit to a chemical test and that the refusal occurred within a two-hour period following the arrest. Upon the evidence in this case, the respondent's findings were justified and, as purely factual conclusions of an administrative agency, should not be disturbed. (*Matter of Sowa* v. *Hults*, 22 A D 2d 730; *Matter of Neet* v. *Hults*, 26 A D 2d 970.) Determination confirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.